# STEVENS v. GORDON.

---

MECHANIC'S LIEN; WAIVER; ESTABLISHMENT OF EQUITABLE LIEN.

A subcontractor and materialmen who have released to the owner their right to place liens on his building, upon the representation of the contractor that there was sufficient money coming to him to pay all their claims, and that the owner refused to make final payment until the receipt of such releases, cannot invoke the powers of a court of equity to set aside the settlement between the owner and the contractor, investigate the state of the account between them, and, if anything be found due the contractor, impress it with a trust in their favor.

No. 3201. Submitted March 6, 1919. Decided March 31, 1919.

HEARING on an appeal from a decree in the Supreme Court of the District of Columbia, sitting as an equity court, dismissing a bill to establish an equitable lien. *Affirmed.*

The facts are stated in the opinion.

*Mr. John U. Gardiner* and *Mr. C. Chester Caywood,* for the appellants, in their brief cited:

*Moon* v. *Brown,* 172 Mo. App. 516, 158 S. W. 79; *Chapman* v. *Richey,* 188 Ill. App. 551; *Emack* v. *Rushenberger,* 8 App. D. C. 249; *Anglo-American Sav. & L. Asso.* v. *Campbell,* 13 App. D. C. 581, 43 L.R.A. 622; and *France* v. *Coleman,* 29 App. D. C. 286.

*Mr. W. H. Sholes* and *Mr. Bates Warren,* for the appellee, in their brief cited:

D. C. Code, sec. 1257; *Richardson* v. *Belt,* 13 App. D. C. 197; *Falmouth Nat. Bank* v. *Cape Cod Ship Canal Co.* 166

Mass. 550; *Green* v. *McDonald,* 75 Vt. 93; *Hanks* v. *Rhoads,* 128 Ill. 404; *Green* v. *Langdon,* 28 Mich. 221; *Falner* v. *Wilson,* 55 Ark. 77; *Herbert* v. *Keck,* 35 Neb. 508.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The appellants, David H. Stevens, Hugh Reilly Company, a Corporation, and Columbia Brick and Coal Company, a Corporation, plaintiffs below, claim that the appellee, Fulton R. Gordon, is indebted to the appellee, Frank W. Hart, in the sum of about $5,600, a balance due on a building contract, and that they, as contractors and materialmen, are entitled to have the sum impressed with a lien in their favor.

Hart had a contract with Gordon for the erection of a number of dwelling houses. Stevens was a subconstractor under him, and the other appellants furnished material to Hart which was used in the buildings. When the time came for Gordon to settle with Hart there was a dispute between them as to the amount due. After negotiations they agreed. Gordon, however, refused to pay until Hart delivered to him from the appellants releases of their rights to lien the buildings. At first the appellants demurred, but later yielded on the representation by Hart that there was sufficient money coming from Gordon to him to pay the amount which he owed them, and that Gordon "absolutely refused to make final payment until the releases were signed by all parties." Gordon was at all times accessible to the appellants. If they desired, so far as the record shows, they could have ascertained from him before delivering the releases to Hart what the condition of the account between him and Hart was. Indeed, it appears from Mr. Gordon's testimony that Mr. Stevens was present when he, Gordon, and Hart discussed the amount due from Gordon to Hart, and that he, Gordon, told Stevens "what was coming to Mr. Hart in Mr. Hart's presence." Mr. Stevens testified that Gordon said to him that Hart "was in a position at the final closing of the job to pay up his obligations." This was but the expression of an opinion, not an assertion of fact. Anyhow Gordon says

he did not say so, that the statement "is absolutely untrue." But, however that may be, Stevens admits that he proceeded with the work "relying on Hart's information."

There is no charge of fraud against Gordon. Hart, with the authority of the appellants, delivered to Gordon releases of their rights to place liens on the buildings, and Gordon then paid to Hart the sum agreed upon between them. It was for the purpose of inducing Gordon to make this payment to Hart that appellants gave the releases, for they knew, according to their own testimony, that "Gordon absolutely refused to make final payment until the release was signed by all parties." Appellants now ask the court to set aside the settlement made by Gordon with Hart, investigate the state of the account between them and, if anything be found due, impress it with a trust in their favor, to undo what they themselves deliberately requested should be done. We cannot yield to their application. To do so would be highly inequitable. Besides, equity never takes jurisdiction except where there is no adequate remedy at law. Appellants had such a remedy under the Mechanics' Lien Statute, but they waived it. Having done so, they are not in a position to invoke the powers of a court of equity.

The judgment of the lower court dismissing the bill for want of equity is affirmed with costs.                    *Affirmed.*